MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
MARIANA CORTES SORZA, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| TWIN DONUT, INC.  (D/B/A TWIN DONUT), MY DONUT & FOOD INC. (D/B/A TWIN DONUT), GEORGE PSATHAS, RAJESH PATEL, PETER DOE, and EDITH DOE, | **29 U.S.C. § 216(b)** |
|  | **ECF Case** |
| *Defendants.* | |

------------------------------------------------------X

Plaintiff Mariana Cortes Sorza ("Plaintiff Cortes" or "Ms. Cortes"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Twin Donut, Inc. (d/b/a Twin Donut) ("Franchisor Defendant Corporation"), My Donut & Food Inc. (d/b/a Twin Donut) ("Franchisee Defendant Corporation"), George Psathas ("Franchisor Individual Defendant"), Rajesh Patel, Peter Doe, and  Edith Doe, ("Franchisee Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Franchisee Defendant owns, operates or controls a donut shop located at 3 West Fordham Road, Bronx, New York 10468 operating under the trade name "Twin Donut".

2.      Franchisee Defendant is franchised to operate Twin Donut, Inc. under contract with the Franchisor Defendant.

3.      Plaintiff Cortes is a former employee of Defendants Twin Donut, Inc. (d/b/a Twin Donut), My Donut & Food Inc. (d/b/a Twin Donut), George Psathas, Rajesh Patel, Peter Doe, and Edith Doe.

4.      Upon information and belief, individual Defendants George Psathas, Rajesh Patel, Peter Doe, and Edith Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Doughnut shop as a joint or unified enterprise.

5.      Plaintiff Cortes was employed as a cashier, counter attendant, smoothie maker, and breakfast maker at the donut shop located at 3 West Fordham Road, Bronx, New York 10468.

6.      At all times relevant to this Complaint, Plaintiff Cortes worked for Franchisee Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.      Rather Franchisee Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Cortes appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Franchisee Defendants repeatedly failed to pay Plaintiff Cortes wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Cortes to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cortes and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Cortes now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiff Cortes seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cortes's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a donut place located in this district. Further, Plaintiff Cortes was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.    Plaintiff Mariana Cortes Sorza ("Plaintiff Cortes" or "Ms. Cortes") is an adult individual residing in Bronx County, New York.

- 3 -

16.    Plaintiff Cortes was employed by Defendants at Twin Donut from approximately August 6, 2017 until on or about February 18, 2018.

17.    Plaintiff Cortes consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Franchisor Defendants*

18.    Upon information and belief, Twin Donut, Inc. (d/b/a Twin Donut) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its headquarters at 35 Grassy Sprain Brook, Yonkers, New York 10710.

19.    Defendant George Psathas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Psathas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant George Psathas possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.    Facts which demonstrate that Franchisor Defendant was Plaintiff Cortes' employer include:

    a.  Defendant suffered or permitted Plaintiff and similarly situated employees to work.

    b.  Defendant acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c.   Defendant has an economic interest in the Twin Donut location in which Plaintiff and similarly situated employees work.

    d.   Defendant simultaneously benefitted from Plaintiff Cortes' work.

    e.   Defendant had either functional and/or formal control over terms and conditions of work of Plaintiff and similarly situated employees.

21.    Plaintiff and similarly situated employees performed work integral to each Defendant's operation.

*Franchisee Defendants*

22.    Upon information and belief, My Donut & Food Inc. (d/b/a Twin Donut) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3 West Fordham Road, Bronx, New York 10468.

23.    Defendant Rajesh Patel is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rajesh Patel is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Rajesh Patel possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Peter Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Peter Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Peter Doe

possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Edith Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Edith Doe is sued individually in her capacity as a manager of Defendant Corporations. Defendant Edith Doe possesses operational control over Defendant Corporations and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cortes, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.    Defendants own, operate, or control a chain of donut places one of which is located in the Fordham section of The Bronx in New York City.

27.    Individual Defendants, George Psathas, Rajesh Patel, Peter Doe, and Edith Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, or control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Cortes's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Cortes, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Cortes (and all similarly situated employees) and are Plaintiff Cortes's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Cortes and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants George Psathas, Rajesh Patel, and Peter Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33.   At all relevant times, Franchisee Defendants were Plaintiff Cortes's employers within the meaning of the FLSA and New York Labor Law. Franchisee Defendants had the power to hire and fire Plaintiff Cortes, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cortes's services.

34.   Upon information and belief, Franchisor Defendant runs a business dependent on its franchise and corporate-owned store selling donuts. As such, upon information and belief, Plaintiff Cortes' work is integral to Franchisor Defendant's operations.

35.   Upon information and belief, through its franchise agreement and in other ways, Franchisor Defendant set requirements for the operation of Franchise Defendants and enforced those requirements, in particular, requirements related to the work of Plaintiff and similarly situated employees. The requirements include, but are not limited to monitoring employee performance, specifying equipment, uniforms, and supplies for the use of Plaintiff and other similarly situated employees, and specifying the methods and procedures Plaintiff and other similarly situated employees use in preparing customer orders.

36.   Upon information and belief, through these requirements, Franchisor Defendant had the authority and exercised the authority to control, directly or indirectly, the work of Plaintiff Cortes and similarly situated employees.

37.   Upon information and belief, the Franchisor Defendant had the authority to require that Franchisee Defendant employ recordkeeping of the operations of Franchisee Defendant, including systems for tracking hours and wages and for retaining payroll records.

38.     Upon information and belief, these recordkeeping systems required by Franchisor Defendant were an instrument through which unlawful policies, patterns, and/or practices in this case were implemented.

39.     Upon information and belief, Franchisor Defendant had the right to inspect the facilities and operations of Franchisee Defendant.

40.     Upon information and belief, Franchisor Defendant had the right to audit all Franchisee records.

41.     Upon information and belief, Franchisor Defendant had the authority to control, directly or indirectly, the timekeeping and payroll practices of Franchisee Defendant.

42.     Upon information and belief, Franchisor Defendant knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of Plaintiff Cortes and similarly situated employees through the monitoring of Franchisees.

43.     Franchisor Defendant could have terminated the franchise agreements of Franchisee Defendant and caused Franchisee Defendant to cease operation of the franchise restaurants under certain circumstances, including in the event of violations of the law. Thus, upon information and belief, Franchisor Defendant have had the authority to stop violations of the labor law and, ultimately, to control the employment of Plaintiff and similarly situated employees, including, but not limited to, causing the termination of their employment. Moreover, Franchisor Defendant had the power to induce compliance with applicable wage and hour laws by threatening to terminate a franchise agreement.

44.    In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

45.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

46.    Plaintiff Cortes is a former employee of Defendants who was employed as a cashier, counter attendant, smoothie maker, and breakfast maker.

47.    Plaintiff Cortes seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Mariana Cortes Sorza*

48.    Plaintiff Cortes was employed by Defendants from approximately August 6, 2017 until on or about February 18, 2018.

49.    Defendants employed Plaintiff Cortes as a cashier, counter attendant, smoothie maker, and breakfast maker.

50.    Plaintiff Cortes regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

51.    Plaintiff Cortes's work duties required neither discretion nor independent judgment.

52.    Throughout her employment with Defendants, Plaintiff Cortes regularly worked in excess of 40 hours per week.

53.     From approximately August 6, 2017 until on or about February 18, 2018, Plaintiff Cortes' schedule varied every week and worked a range of 6 to 48 hours per week with an average of 34 hours worked per week.

54.     In addition, throughout her employment, Plaintiff Cortes worked over 40 hours per week in approximately 10 instances.

55.     Throughout her employment, Defendants paid Plaintiff Cortes her wages in cash.

56.     From approximately August 6, 2017 until on or about February 18, 2018, Defendants paid Plaintiff Cortes $10.50 per hour.

57.     Plaintiff Cortes's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

58.     For example, Defendants required Plaintiff Cortes to work an additional six to seven hours past her scheduled departure time on most occasions, and did not pay her for the additional time she worked.

59.     Defendants never granted Plaintiff Cortes any breaks or meal periods of any kind.

60.     Plaintiff Cortes was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

61.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cortes regarding overtime and wages under the FLSA and NYLL.

62.     Defendants did not provide Plaintiff Cortes an accurate statement of wages, as required by NYLL 195(3).

63.     Defendants did not give any notice to Plaintiff Cortes, in English and in Spanish (Plaintiff Cortes's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

64.     Defendants required Plaintiff Cortes to purchase "tools of the trade" with her own funds—including shirts and hats.

*Defendants' General Employment Practices*

65.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cortes (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

66.     Plaintiff Cortes was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

67.     Defendants' pay practices resulted in Plaintiff Cortes not receiving payment for all her hours worked, and resulted in Plaintiff Cortes's effective rate of pay falling below the required minimum wage rate.

68.     Defendants habitually required Plaintiff Cortes to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

69.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

70.     Defendants paid Plaintiff Cortes her wages in cash.

71.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

72.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cortes (and similarly situated individuals) worked, and to avoid paying Plaintiff Cortes properly for her full hours worked.

73.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

74.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cortes and other similarly situated former workers.

75.    Defendants failed to provide Plaintiff  Cortes and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76.    Defendants failed to provide Plaintiff Cortes and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77.    Plaintiff Cortes brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

78.    At all relevant times, Plaintiff Cortes and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

79.    The claims of Plaintiff Cortes stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

80.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Cortes's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Cortes (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

82.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

84.     Defendants failed to pay Plaintiff Cortes (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

85.     Defendants' failure to pay Plaintiff Cortes (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

86.     Plaintiff Cortes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

87.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cortes (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

89.    Defendants' failure to pay Plaintiff Cortes (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.    Plaintiff Cortes (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

91.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

92.    At all times relevant to this action, Defendants were Plaintiff Cortes's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Cortes, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

93.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cortes less than the minimum wage.

94.    Defendants' failure to pay Plaintiff Cortes the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

95.    Plaintiff Cortes was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

96.    Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cortes overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.     Defendants' failure to pay Plaintiff Cortes overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

99.     Plaintiff Cortes was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

100.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants failed to provide Plaintiff Cortes with a written notice, in English and in Spanish (Plaintiff Cortes's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

102.     Defendants are liable to Plaintiff Cortes in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

103.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

104.     With each payment of wages, Defendants failed to provide Plaintiff Cortes with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

105.     Defendants are liable to Plaintiff Cortes in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

106.     Plaintiff Cortes repeats and realleges all paragraphs above as though fully set forth herein.

107.     Defendants required Plaintiff Cortes to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

108.     Plaintiff Cortes was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

109.     Plaintiff Cortes repeats and realleges all paragraphs above as though set forth fully herein.

110.    Defendants did not pay Plaintiff Cortes on a regular weekly basis, in violation of NYLL §191.

111.    Defendants are liable to Plaintiff Cortes in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cortes respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cortes and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cortes and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cortes's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Cortes and the FLSA Class members;

(f)    Awarding Plaintiff Cortes and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Cortes and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cortes;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cortes;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Cortes;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Cortes's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Cortes;

(m)      Awarding Plaintiff Cortes damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiff Cortes damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Cortes liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Cortes and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Cortes and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Cortes demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

May 2, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
        Michael Faillace [MF-8436]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 26, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Mariana Cortes Sorza

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      26 de marzo 2019

*Certified as a minority-owned business in the State of New York*